UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

        -against-                      02 Cr. 437-1 (RWS)

                                      SENTENCING
RAMON PAULINO,                      OPINION

                Defendant.

------------------------------------------X

**Sweet, D.J.**


      On June 3, 2002, Ramon Paulino ("Paulino" or "Defendant")
pled guilty to one count of conspiracy to distribute and possess
with intent to distribute cocaine, and one count of distribution
and possession with intent to distribute cocaine.  For the
reasons set forth below, Paulino will be sentenced to sixty (60)
months imprisonment on each count to run concurrently, followed
by four (4) years' supervised release to run concurrently,
subject to the scheduled sentencing hearing on Thursday,
November 19, 2015.  Paulino is also required to pay a special
assessment of $200.


**Prior Proceedings**


      Defendant was named in a two count indictment filed in the
Southern District of New York on April 15, 2002.  The first

count charges that in October 2001, in the Southern District of New York and elsewhere, Paulino and others conspired to distribute and possess with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B).  The second count charges that on October 25, 2001, in the Southern District of New York, Paulino distributed and possessed with intent to distribute approximately 979 grams of cocaine, in violation of §§ 812, 841(a)(1), and 841(b)(1)(B), and 18 U.S.C. § 2.

On June 3, 2002, Paulino allocuted as charged, without the benefit of a plea agreement.  The plea was accepted by this Court on July 2, 2002.  Sentencing is scheduled for May 26, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines.  Thus, the sentence to be imposed here is the result of a consideration of:

2

 

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that

3

sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

On October 25, 2001, New York State Police (NYSP) officers observed a white car driving near the intersection of Broadway and Dyckman Street in Manhattan. The driver picked up two others before driving to West 179th Street between St. Nicholas and Wadsworth where they picked up Paulino. After parking there for a time, the car drove half a block toward Wadsworth, where one of the passengers exited the vehicle. Paulino then exited the vehicle and walked towards the residential apartment building at 111 Wadsworth Avenue. The car turned on to

4

Wadsworth, and Paulino entered the building. Paulino exited the building after about five minutes, carrying a black plastic bag. Paulino returned to the car, opened the rear door, and placed the bag into the backseat.  Paulino then walked away from the vehicle. NYSP officers followed the car, stopping it near Pinehurst Avenue and West 177th Street.  The black plastic bag was recovered from the backseat.  Inside the bag was approximately one kilogram of a substance that tested positive for cocaine.  Other officers continued to watch Paulino, and Paulino was arrested after the black plastic bag was recovered.

## The Relevant Statutory Provisions

For each of counts 1 and 2, the mandatory minimum term of imprisonment is 5 years and the maximum term is 40 years.  21 U.S.C. § 841(b)(1)(B), 846.

If a sentence of imprisonment is imposed, a term of at least four years' supervised released is required, up to life, on each count.  Id.

Defendant is not eligible for probation because probation is expressly precluded by statute.  Id.; 18 U.S.C. §§ 3561(a)(2).

The maximum fine is $2 million on each count.   21 U.S.C. §§ 841(b)(1)(B), 846.   A special assessment of $100 for each count, for a total of $200, is mandatory.   18 U.S.C. § 3013. Restitution is not applicable in this case.

At the discretion of the Court, the defendant, having been convicted of a first drug distribution offense, may be declared ineligible for any or all federal benefits for up to five years after such conviction.   21 U.S.C. § 862(a)(1)(A).

## The Guidelines

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

Pursuant to Section 3D1.2(d) of the Guidelines, since the offense levels of both charges are determined largely on the basis of the total quantity of drugs involved in the instant offenses, counts 1 and 2 are grouped together.   The appropriate guideline for a violation of 21 U.S.C. §§ 841(a), 841(b)(1), and 846 is found in Section 2D1.1. Having distributed and possessed

6

979 grams of cocaine, the base offense level is 24. U.S.S.G. §
2D1.1.

Defendant's original sentencing was scheduled for November
2002.  By failing to appear for sentencing and remaining on-the-
lam until Defendant's re-arrest on Octoboer 30, 2014, Defendant
obstructed the administration of justice.  Thus, a two-level
increase is warranted. U.S.S.G. § 3C1.1.  Since the enhancement
for obstruction was applied, Paulino has not accepted
responsibility for his criminal conduct.  Therefore, no
reduction is warranted under Section 3E1.1.  The total offense
level is 26.

Paulino has no known prior criminal convictions, resulting
in zero criminal history points.  Pursuant to the sentencing
table at Chapter 5, Part A of the Guidelines, zero criminal
history points establishes a criminal history category of I.
Based on a total offense levers of 26 and a criminal history
category of I, the guideline range of imprisonment is 63 to 78
months, with a mandatory minimum of 60 months.  The guideline
range for a term of supervised release is 4 to 5 years.
U.S.S.G. § 5D1.2(a)(1), (b).

The defendant is not eligible for probation pursuant to Section 5B1.1(b)(2).

The fine range for the instant offenses is from $12,500 to $4,000,000.   U.S.S.G. § 5E1.2(c)(3)(A), (c)(4).

Costs of prosecution shall be imposed on Defendant, as required by statute.   U.S.S.G. § 5E1.5.   In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed.   U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6).   These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs.   The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not

8

greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.  In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), the Court has decided to depart downward pursuant to U.S.S.G. § 5K2.0.

Taking in to account the nature and circumstances of the offenses and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to protect the public pursuant to 18 U.S.C. § 3553(a), the Court finds no substantive enhancement of the sentencing goals by imposition of an additional three months beyond the statutorily required mandatory minimum sentence of 60 months.  In light of the goals of sentencing as articulated in 18 U.S.C. § 3553, a minor downward departure is appropriate.

## The Sentence

For the instant offense, Paulino shall be sentenced to 60 months imprisonment on each count, to run concurrently, followed by four years supervised release on each count, also to run concurrently.

As mandatory conditions of his supervised release, Defendant shall:

(1)   Not commit another federal, state, or local crime.

(2)   Not illegally possess a controlled substance.

(3)   Not possess a firearm or destructive device.

(4)   Refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug testing within fifteen (15) days of placement on supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

(5)   Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1)   Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

(2)   Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the

10

release may be found.  The search must be conducted at
a reasonable time and in a reasonable manner.  Failure
to submit to a search may be grounds for revocation.
Defendant shall inform any other residents that the
premises may be subject to search pursuant to this
condition.

(3)   Defendant is to report to the nearest Probation Office
within 72 hours of release from custody.

(4)   Defendant is to be supervised by the district of
residence.

It is further ordered that Defendant shall pay to the

United States a special assessment of $200, which shall be due

immediately.

Defendant does not have the ability to pay a fine and thus

the fine in this case is waived.

Defendant has been detained since being re-arrested on

October 30, 2014. He is not a candidate for voluntary surrender.

18 U.S.C. § 3143(a)(2).

It is so ordered.

New York, NY
November / 2, 2015

ROBERT W.  SWEET
U.S.D.J.