UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

- against -

RAMON PAULINO,

                  Defendant.

------------------------------------------X

02 Cr. 437-1 (RWS)

O P I N I O N

**Sweet, D.J.**

Ramon Paulino ("Paulino" or "Defendant"), proceeding *pro se*, has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the motion is denied.

## I. Prior Proceedings

On or about June 3, 2002, Paulino pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, and to one count of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. His plea was accepted on July 2, 2002. Paulino failed to appear for his scheduled sentencing

1

on November 8, 2002, and he was re-arrested on October 30, 2014.

At the January 28, 2016 sentencing hearing, the Court addressed the sentencing opinion it filed on November 12, 2015, which applied the November 1, 2014 version of the Sentencing Guidelines Manual in determining Paulino's guidelines range to be 63 to 78 months' imprisonment, with a mandatory minimum term of 60 months' imprisonment. The range was based primarily on the total quantity of drugs involved: 979 grams of cocaine. After hearing from the Government and the defense at the hearing, the Court varied downward and sentenced Paulino to the mandatory minimum term of 60 months' imprisonment on each count, to run concurrently, followed by four years of supervised release.

Paulino did not pursue a direct appeal of his sentence. The instant motion was filed on December 5, 2016 and supplemented on January 12, 2017. The Government filed its opposition on May 31, 2017, at which point the motion was deemed fully submitted.

II. **Standard of Review**

Section 3582(c) "does not authorize a . . . resentencing proceeding," but rather provides for the

possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 825-27 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range," then a "reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2)(B). Similarly, "[c]ourts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal quotation marks omitted); *United States v. Erskine*, 717 F.3d 131, 137041 (2d Cir. 2013) (recognizing that Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grand a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. This decision is committed to the court's discretion. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

As Paulino is proceeding *pro se*, his motion is construed liberally. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Arbabsiar v. United States*, No. 11 CR 897 JFK, 2014 WL 6463229, at *1 (S.D.N.Y. Nov.

4

18, 2014), *cert. denied* (2d Cir. 14-4596, July 6, 2015).

III.     **Paulino's Motion for a Reduced Sentence is Denied**

Paulino argues that his sentence should be reduced pursuant to the amendments to the Sentencing Guidelines Manual's Drug Quantity Table. In its Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affected not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See, e.g.*, U.S.S.G. § 2D1.5 (CCE); U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously-sentenced inmates.

In calculating Paulino's sentence, this Court applied the November 1, 2014 edition of the Guidelines Manual, and therefore Paulino already benefitted from Amendment 782 to the Guidelines. *See* ECF No. 19 at p. 6. Paulino further urges the Court to look at November 1, 2015 and November 1, 2016 versions of the Guidelines Manual. Even assuming any changes to Section

5

2D1.1 may be applied retroactively, no such changes to Section 2D1.1, or other sections relevant to Paulino's sentencing, were made. "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Because there is no amendment that had the effect of lowering Paulino's applicable guideline range, no reduction of sentence may occur.

Furthermore, Paulino was subject to a mandatory minimum sentence of 60 months' imprisonment. He received the mandatory minimum sentence, which reflected a downward variance from the calculated guidelines range of 63 to 78 months' imprisonment. Where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. *See, e.g., United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996).

To the extent that Paulino's supplement to his § 3582 motion can be construed to make a *Johnson v. United States*, 135 S. Ct. 2551 (2015), argument, and setting aside procedural

6

issues with such an argument, it is also irrelevant. In *Johnson*, the Supreme Court held that the so-called "residual clause" within the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violates due process. *Id.* at 2653. Paulino was not convicted of any counts involving the ACCA, but rather of one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, and to one count of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. Thus, *Johnson* has no impact on Paulino's sentence.

**IV.    Conclusion**

For the reasons stated above, Paulino's petition for a reduction of sentence is denied.

It is so ordered.

**New York, NY**
**June 6, 2017**

　　　　　　　　　　　　　　　　　　　　　ROBERT W. SWEET
　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

7